**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000596**
**30-MAY-2019**
**08:17 AM**

NOS. CAAP-16-0000596 AND CAAP-17-0000106

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


**CAAP-16-0000596**
MM, Petitioner-Appellant,
v.
BD, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. FC-M-14-10007)


**CAAP-17-0000106**
MM, Petitioner-Appellant,
v.
BD, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. FC-M-14-10007)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Chan, JJ.)

This appeal addresses a dispute regarding child support.  In CAAP-16-0000596, Petitioner-Appellant MM (**Father**) appeals, *pro se*, from an "Order Awarding Joint Custody and Other Relief" (**7/27/16 Order**) entered by the Family Court of the Third Circuit (**Family Court**) on July 27, 2016.[1]  In CAAP-17-0000106,

---

[1]  The Honorable Lloyd Van De Car (**Judge Van De Car**) presided regarding the 7/27/16 Order.

Father appeals from an "Order Denying Motion to Determine Income and Exceptional Circumstances and Motion for Reconsideration and to Vacate Orders Pending Hearing on Motion to Determine Income and Exceptional Circumstances" (**1/26/17 Order**) entered by the Family Court on January 26, 2017.[2]

On appeal,[3] it appears Father contends that his due process rights were violated when the Family Court: (1) filed an "Order Regarding Child Support" on October 12, 2016 (**10/12/16 Order**)[4] without a substantive hearing on his "Motion to Determine Income and Exceptional Circumstances," filed September 19, 2016; and (2) filed the 1/26/17 Order.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows, and affirm.

"At its core, procedural due process of law requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant liberty interest." In re Guardianship of Carlsmith, 113 Hawai'i 236, 239, 151 P.3d 717, 720 (2007).

Father and Respondent-Appellee BD (**Mother**) are the unmarried parents of a minor child (**Minor Child**).

On April 30, 2014, Father filed his "Petition for Custody and Other Relief" (**Petition**) requesting, inter alia, the award of joint legal and physical custody of Minor Child, that Father and/or Mother be ordered to provide medical insurance

---

[2] The Honorable Darien W. L. Ching Nagata (**Judge Ching Nagata**) presided regarding the 1/26/17 Order.

[3] Father's opening brief does not comply with Hawaii Rules of Appellate Procedure Rule 28 in that it fails to clearly set forth points of error or to provide references to the record on appeal. Due to Father's pro se status, we will address his appeal to the extent we can discern his arguments. O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994) ("[T]he policies of this court are to permit litigants to appeal and to have their cases heard on the merits, where possible.") (citations omitted).

[4] The Honorable Michael J. Udovic (**Judge Udovic**) presided regarding the 10/12/16 Order.

coverage for Minor Child, and that Father and Mother be ordered to pay for the support, maintenance and education of Minor Child until the child reaches the age of majority.

On July 7, 2016, trial was held before Judge Van De Car to determine child custody and support.[5] On July 27, 2016, the Family Court entered the 7/27/16 Order, which ruled on child support as follows:

> 7. Child support is awarded pursuant to the guidelines. Minimum wage is imputed to Mother. The parties are to exchange current income-expense statements.
> 8. Father to receive credit for health insurance premiums paid by him for [Minor Child] and for payment of pre-school tuition paid by him for [Minor Child]. Child Support to begin commence [sic] on date [Minor Child] begins attending preschool. Payment by wage assignment.

On August 24, 2016, Father timely appealed the 7/27/16 Order.

Subsequently, on September 9, 2016, Mother filed her proposed "Order Regarding Child Support" and a "Child Support Guidelines Worksheet" pursuant to Hawaii Family Court Rules (**HFCR**) Rule 58 (**Mother's 9/9/16 Proposed Order**). In turn, on September 16, 2016, Father filed his objections to Mother's proposed order pursuant to HFCR Rule 58 (**9/16/16 Objections**).[6]

On September 19, 2016, Father filed a Motion to Determine Income and Exceptional Circumstances, alleging identical arguments to those made in his 9/16/16 Objection.

On October 7, 2016, the Family Court, Judge Udovic presiding, held a hearing on Father's Motion to Determine Income and Exceptional Circumstances. The court declined to consider

---

[5] The record on appeal contains a transcript for one day of the trial proceedings. The end of that transcript indicates that further trial proceedings would be held, but the record does not contain transcripts for any further trial proceedings.

[6] Father objected to Mother's and his own purported income that was used in Mother's proposed order. Father argued that Mother's income was incorrect, and that exceptional circumstances should be taken into account regarding his income, specifically that (1) he is a widower and sole supporter of three minor children from a previous marriage, (2) he has no right to his social security payments, which are for the support of his three minor children, (3) the day count used to compute support obligations between Father and Mother is incorrect, and (4) the support sought for Minor Child exceeds the actual needs of Minor Child.

3

the merits of Father's Motion due to time constraints, and the parties agreed to reschedule the hearing for another date.

However, five days later, Judge Udovic entered the 10/12/16 Order, which notes at its beginning that the 7/27/16 Order had ordered child support pursuant to the child support guidelines. Judge Udovic's order appears to have been based on Mother's 9/9/16 Proposed Order.

On October 21, 2016, Father filed his "Motion to Reconsider and to Vacate Orders Pending Hearing on Motion to Determine Income and Exceptional Circumstances" (**Motion for Reconsideration**), which Mother opposed.

On December 19, 2016, the Family Court, Judge Ching Nagata presiding, held a hearing on Father's Motion for Reconsideration. At the hearing, Judge Ching Nagata noted, *inter alia*, that there had been a trial on the matter, that the 7/27/16 Order had already set forth rulings on child support in paragraphs seven and eight of that order, and that Father had filed an appeal.

On January 26, 2017, the Family Court entered its 1/26/17 Order, and Father filed a second appeal from this order.

HFCR Rule 58 provides, in relevant part:

> **Rule 58. Preparation and signing of judgments and other orders.**
>
> . . . .
>
> (b) *Party approval or objection to form; delivery to Court.* . . . If a proposed judgment, decree or order is not approved as to form by the parties within 5 days after a written request for approval, the drafting party shall file and serve the proposed order along with notice of service on all parties and serve a copy thereof upon each party who has appeared in the action. If any party objects to the form of a proposed judgment, decree or order, that party shall within 5 days after service of the proposed judgment, decree or order, file and serve upon each party who has appeared in the action and deliver to the court:
>> (1) a statement of objections and the reasons therefor; and
>> (2) the form of the objecting party's proposed judgment, decree or order.
>
> In such event, the court may schedule a Rule 58 conference or shall proceed to settle the judgment, decree or order. Either party may request a Rule 58 conference. Failure to file and serve objections and a proposed

4

> judgment, decree, or order within the time frame required
> shall constitute approval as to form of the drafting party's
> proposed judgment, decree or order.

(Emphasis added).

In the instant case, Father raised identical arguments in his 9/16/16 Objections and his 9/19/16 Motion to Determine Income and Exceptional Circumstances. HFCR Rule 58(b) provides that, if a party objects to the form of a proposed order (*i.e.*, Mother's 9/9/16 Proposed Order), then the court "may schedule a Rule 58 conference or shall proceed to settle the judgment, decree or order." (Emphasis added). The record on appeal does not indicate that either party requested an HFCR Rule 58 conference. Rather, Father's 9/16/16 Objections state that "[b]y way of a separate motion, [Father] is seeking a hearing on the gross income of the parties to be used and the exceptional circumstances which admittedly exist in this case." Nevertheless, it was within the Family Court's discretion whether or not to hold a further conference and/or hearing on Father's objections. HFCR Rule 58(b); Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) ("Generally, the family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion."). Here, there was a trial on Father's Petition, Father submitted his objections to Mother's 9/9/16 Proposed Order pursuant to the procedures set forth in HFCR Rule 58, the Family Court had the opportunity to consider his objections, and the court subsequently entered the 10/12/16 Order.

We disagree with Father that his due process rights were violated by the lack of a substantive hearing on his 9/19/16 Motion to Determine Income and Exceptional Circumstances. The identical issues were raised by Father in his 9/16/16 Objections. Moreover, as noted, there had been a trial on Father's Petition and the 7/27/16 Order explicitly addressed child support and that minimum wage should be imputed to Mother. Father does not

contend that child support was not addressed in the trial.[7] We conclude on this record that Father's due process rights were not violated. Thus, we reject Father's assertions that the Family Court erred in entering the 10/12/16 Order and the 1/26/17 Order.

Finally, we note that Father's appellate brief does not provide any argument on the merits regarding the calculation of Mother's income or the exceptional circumstances that he apparently claims. Thus, we do not address the underlying merits of his objections to the Family Court's orders.

THEREFORE, IT IS HEREBY ORDERED that the following orders entered by the Family Court of the Third Circuit are affirmed: the "Order Awarding Joint Custody and Other Relief" entered on July 27, 2016, the "Order Regarding Child Support" entered on October 12, 2016, and the "Order Denying Motion to Determine Income and Exceptional Circumstances and Motion for Reconsideration and to Vacate Orders Pending Hearing on Motion to Determine Income and Exceptional Circumstances" entered on January 26, 2017.

DATED: Honolulu, Hawai'i, May 30, 2019.

On the briefs:

MM,
Petitioner-Appellant pro se.

Brian J. De Lima,
Jeremy J.K. Butterfield,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[7] As noted, the record does not appear to contain transcripts for the entire trial.